(No. 3571—

HAROLD J. RIEFLER, D/B/A STATE CAPITAL INFORMATION SERVICE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1941.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant Harold J. Riefler operating under the trade name of State Capital Information Service of 404 Leland Annex Building, Springfield, Illinois, claims an award from respondent based upon the following grounds.

That on March 14, 1939 an oral contract was entered into between claimant and respondent by and through Milburn P. Akers, then Superintendent of the Division of Departmental Reports, to supply elective State officers and appointive Division and Departmental heads thereof with a legislative bulletin service; that said contract was entered into at the request and suggestion of Honorable John Stelle then Acting Governor, Lyndon Smith then Director of the Department of Public Works and Buildings, S. L. Nudelman then Director of the Department of Finance and Charles K. Schwartz then Chairman of the Illinois Tax Commission. That under such contract claimant was to be paid $50.00 per week from March 14, 1939 until the close of the regular session of the 61st General Assembly, which in this instance was June 30, 1939.

The claim further recites that claimant faithfully performed all of the provisions of the contract and supplied the elective State officers and Division and Departmental heads with 160 legislative bulletins between the above dates at a total charge of Seven Hundred Seventy-eight ($778.00) Dol-

lars; further that through no fault or negligence of claimant said bill remains unpaid, and that the appropriation out of which same was payable lapsed on September 30, 1939. A Bill of Particulars attached to the claim is duly sworn to by claimant Harold J. Riefler.

In a Statement, Brief and Argument filed by the Attorney General in behalf of respondent counsel submits that in order to justify the allowance of an award in payment of said claim it must appear from the record that there was an appropriation out of which the payments provided for by the contract could be made; that there was a balance remaining in said appropriation out of which such payment might have been made, at the time such appropriation lapsed, and that if such payment was to be made from the contingent fund for reserves provided for by the appropriation contained in an Act making appropriations to the Department of Finance, etc., appearing on page 95 Session Laws 1937, and that compliance with Section 4 of such Act found on page 105 of said Session Laws is shown.

The Appropriation Act above mentioned contains the following proviso: "Reserves—for audits, examinations and investigations, the necessity for which may develop during the biennium—$50,000.00."

Section 4 of the Appropriation Act above referred to provides as follows: "Sec. 4. No contract shall be entered into or obligation incurred for any expenditure from the appropriation herein made for contingencies and for reserves until after the purpose and amount of such expenditure have been approved in writing by the Governor."

The record herein discloses (Claimant's Exhibit "A") a report by Milburn P. Akers former Superintendent of the Division of Departmental Reports from which it appears that while the Honorable John Stelle was Acting Governor of the State of Illinois claimant was called into conference with the latter and with the then Director of Finance, the then Director of the Department of Public Works and Buildings, and the then Chairman of the Illinois Tax Commission, on March 14, 1939 at which time a discussion as to the need of an up-to-the-minute information service for the Governor and Departmental heads was had, and at which time the services of claimant were engaged and contracted for whereby claimant was to examine and investigate the reports, bills and other

legislative matters transacted by the General Assembly of the State of Illinois from day to day and to prepare and deliver to the Division of Departmental Reports a report thereof which would be upon the desks of the several officers each morning. Claimant's Exhibit ''A'' further shows that such reports were prepared and were distributed through the Department of Finance to all elective, executive and administrative officers, and appointed Departmental heads located in the city of Springfield. Claimant's Exhibit ''A'' further shows that the contract price agreed upon was $50.00 per week, to start as of the date of such contract, i. e. March 14, 1939 and to continue until the close of the regular legislative session of the 61st General Assembly, i. e. June 30, 1939; further that there lapsed in the contingent fund of the Department of Finance out of which this contract was payable the sum of $43,373.58.

A further report appearing herein, signed by A. M. Carter, Director of Finance under date of January 2, 1941 discloses that there is contained in the office of the Superintendent of the Division of Reports, a branch of the Division of Finance, a complete file of the bulletins furnished under the foregoing contract, the first of such bulletins showing date of March 14, 1939 and the last i. e. No. 160 being dated June 30, 1939.

A further report signed by Alexander Wilson, Administrative Assistant during the Administration of His Excellency Henry Horner and of His Excellency John Stelle as Governors of Illinois, states that Mr. Wilson had personal knowledge of the nature of the service rendered by claimant and that such service permitted the Governor's office to keep advised at all times of the progress of bills in the various committees and on the calendars of the 61st General Assembly, and that such service was timely and accurate.

Compliance with the requirement prescribed by Section 4 of the Appropriation Act above quoted appears in the record as Exhibit ''B'' in words and figures as follows, i. e.:

"SPRINGFIELD, ILLINOIS
*March 14, 1939*

EXHIBIT "B"

For the purpose of examining pending legislative matters and obtaining prompt reports thereon and making same available to the Governor's office and various departmental heads, approval is hereby given for retaining the services of the State Capital Information Service or such similar agency as

may be available for reporting of such matters, such service to be delivered from this date, March 14, 1939, until the end of this regular session of the legislature at a cost not to exceed Fifty ($50.00) Dollars per week.

(Signed)  JOHN STELLE, *Acting Governor.*"

From a consideration of the entire record the court finds that due authority for contracting the services rendered by claimant existed; that the services for which payment is requested were in fact rendered by claimant to the State of Illinois; that due approval for incurring the expenses of such service was obtained in writing from the then Acting Governor of Illinois, the Honorable John Stelle; that an appropriation out of which such expenses might be paid existed, and that at the time such contract was entered into and at the time such appropriation lapsed, a balance remained therein sufficient out of which such payment could be made. The court further finds that payment for said services has not been made and that claimant is entitled to payment therefor.

Wherefore an award is hereby made in favor of claimant Harold J. Riefler operating under the trade name of State Capital Information Service for the sum of Seven Hundred Seventy-eight ($778.00) Dollars.